Ruffin, C. J.
 

 Jacob Stephens made his will, and died in 1829. He appointed the defendant Houlder,'executor ; and by his will gave to his wife for her life certain lands, seven slaves, seven head of horses, all his stock of cattle, hogs and sheep, his crop of every kind, working tools and plantation utensils and carts; and, at her death, the land and negroes over to certain of his children, and the other property, after legacies of a few specific articles, to 'be equally divided among his six children. The testator then gave to each of his six children particular lands and negroes; a
 
 *342
 
 mong which gifts were devises of two tracts of land to his daughter Joanna, and a bequest of seven negroes by name and a horse.
 

 The testator owed debts to the amount of about
 
 $2,000;
 
 among which was a debt of $>1,000, due to Thomas Hice ; and by his will he directed that all his property of every description should stay in the possession of his wife until she could raise money and pay that debt to Rice.
 

 Alter probate, the executor delivered the negroes, 23 in numeer, to Mrs. Stevens, and also the other perishable chattels specifically bequeathed to her, which are found to have then been of the value of $>1,600; and at the foot of an inventory thereof, he took her receipt for the articles, and added as follows: “To be returned to the said executor whenever called for, to pay debts or divide among the heirs, agreeable to the said deceased’s last will and testament.”— After applying the undisposed surplus of the estate to the payment of the testator’s debts, other than that to Rice, there was a balance of them unpaid, and the executor received from the widow part of the perishable property, which he had before delivered to her, and sold it for the sum of $140 70|, which he applied in discharge of the debts. Of the residue of that property Mrs. Stevens sold a part, to the value of $373 98, which she applied in payment of the debt to Rice, and she yet has a part thereof, to the value of $74 90; and the remainder has been consumed or perished.
 

 The present plaintiff married the daughter Joanna, who died in 1836, leaving an only child of the marriage; and the plaintiff took administration of her estate.
 

 The bill was filed in 1838, against the executor, the widow and the other children, and alleges that the debt to Rice had been long before paid, or ought to have been, out of the profits of the estates left in the management of the widow for that purpose : that she had surrendered to the other children the lands and negroes given to them respectively, and retained those to which
 
 the
 
 plaintiff is entitled, so as to throw an undue proportion of that debt on the plaintiff; and it
 
 *343
 
 prays an account of the principal and interest of the debt, the payments on it, and the profits of the property; and that the executor may assent to the legacies to the plaintiff’s intestate, and he and the widow compelled to deliver possession of the negroes and land, and pay to him any surplus of profits over and above his fair proportion of the Rice debt, if such surplus be found — he, the plaintiff, offering to pay his proportion of the debt, if any thing be still due thereon.
 

 The defendants answered ; and, after the cause had been sometime pending, a decree was entered by consent, under which the slaves and land given to the plaintiff’s wife were delivered to him on the 25th of May, 184 L; and an enquiry was directed into a great many points respecting the values of the several gifts to the widow and children respectively, the amounts paid on the debt to Rice and when it was paid, and the profits of the estates made or that might reasonably have been made, the application thereof, and the administration of the executor, and other points. The Master made a report on most of them, and exceptions were taken on both sides. But it is unnecessary to go through them, or do more than advert to them generally, by saying, that the plaintiff ultimately waived the whole benefit of the enquiry; excepting only for the hires ol the slaves, retained by the widow, from the time of the payment in full of the debt to Rice; thus giving up even the rents ef the lands. . That debt the Master finds was paid on the 27th of February, 1834, by applying thereto the before-mentioned sum of $373 98, received by Mrs. Stevens for perishable property sold by her, and by the proceeds of crops made on the plantations, and hires of negroes before that time; and to that part of the report there is no exception.
 

 . To that extent there can be no objection to the decree for the plaintiff against Mrs. Stevens. It may be, that she was not obliged to sell any part of the property left to her for life for the purpose of aiding in the payment of the debt. But ns she chose to do so, and thereby deprived the children, who were entitled to it after her death, of all chance of succeeding to it, and applied the proceeds to this particular debt,
 
 *344
 
 it must be taken as an agreement on her part to give up her interest, and apply so much of the capital, in which all were interested, for the payment of this charge upon the whole estate. From the time the debt was paid, the children were entitled to their land and negroes; for they were only left with her as long as they should be needed to raise money to meet that demand ; and therefore she ought to pay hire for the plaintiff’s slaves from February 27th, 1834, until May 25th, 1841. The amount of that hire the court cannot ascertain on this report; in which the Master finds, “ the hire from the death of the testator to the 25th of May, 1841” to be §521. it must therefore be referred back for a report as to what part thereof is due for the particular period after the payment of the debt to Rice.
 

 For the sum that may be thus found due from Mrs. Stevens the plaintiff asks, that the defendant Houlder should be declared to be also liable. And the court is of opinion, that he must be so held. In his answer he insists, that it was his duty to permit the widow to take possession of the property, the will so expressly directing, and that he had nothing further to do with it, and could not dispossess her and deliver the negroes to the plaintiff, but that he must look to the widow. Without determining the extent of the executor’s duty in securing the interest of the children in this case, and whether it would be sufficient for him, that he had assented to the legacies, including that to the children as well as that to the widow; we think here, that he is liable because he never did assent to the legacies to the children, but expressly retained his dominion over the property. When a chattel is given in remainder, the assent to the particular estate is ordinarily construed to be an assent to the gift in remainder. But there is no doubt that the assent to the former may be so qualified, as not to extendió the latter. In this case, indeed, the executor assented to neither legacy, but merely parted with the possession to the widow as his bailee, taking her engagement to return the articles
 
 to him,,
 
 whenever required for the purpose of paying debts, or for that of delivering to the children. The children could not there
 
 *345
 
 fore recover their slaves, except through the executor; and as he retained the powers of an executor, and a control over the property, he was in duty bound to take steps
 
 to
 
 ascertain when the debt to Rice was discharged and thereupon deliver to the children their legacies. If, therefore, Mrs. Stevens should not be able to discharge the sum that may be decreed, against her for the hire of the negroes, the executor must make it good; and they must, of course, pay the costs of this suit.
 

 Per Curiam. Decree accordingly.